IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FRANCISCO DEL POZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-00352-CV-W-GAF |
| | ) |
| THOMAS VILSACK, Secretary, | ) |
| U.S. Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

### ORDER RE: DEFENDANT'S MOTION *IN LIMINE* (Doc. # 72)

Now before the Court is a Motion a Motion *in Limine* filed by Defendant Thomas Vilsack in his capacity as Secretary of the U.S. Department of Agriculture ("Defendant" or "USDA"). (Doc. # 72). Defendant seeks rulings on eight issues, some of which overlap, prior to trial. (*Id.*). The Court held a pretrial conference on March 17, 2022, two days after Defendant filed the Motion, and heard arguments on the Motion during the conference. The Court also permitted Plaintiff Francisco Del Pozo ("Plaintiff") to file a written response to the Motion on or before March 21, 2022. (Doc. # 73). Upon consideration of the arguments at the pretrial conference and the briefs submitted by the parties, the Court's rules as follows:

**1. Exclude any jury argument or evidence regarding claims or theories for which summary judgment was granted in Defendant's favor, specifically age discrimination claims and termination**

Defendant's Motion is DENIED regarding argument and evidence about Plaintiff's termination as it relates to the hostile work environment claim because the evidence surrounding the termination is inextricably intertwined with Plaintiff's claims of harassment. Defendant's Motion is GRANTED regarding the now-dismissed age discrimination claims.

**2. Exclude any jury argument or evidence regarding relief for back and/or future lost wages and benefits**

Defendant's Motion is GRANTED for the reasons stated on the record at the pretrial conference.

**3. Exclude any evidence from expert witnesses, including testimony from treating physician**

Plaintiff is entitled to enter any treating expert's testimony on direct examination based on what Plaintiff had disclosed during his employment with the USDA and has been disclosed during discovery. Plaintiff is also entitled to present rebuttal evidence to the extent necessary. For all other expert testimony, Defendant's Motion is GRANTED.

**4. Exclude jury argument and evidence for punitive damages, wealth disparity, and "send a message"**

Plaintiff has no opposition to this request. Defendant's Motion is GRANTED.

**5. Plaintiff must make foundational showing that other employees were similarly situated in all relevant respects**

Defendant's Motion is DENIED, except to the extent Plaintiff's claims are based on a disparate impact theory. The *prima facie* cases of the remaining claims do not necessarily require a showing different treatment of similarly situated employees. *See Beasley v. Warren Unilube, Inc.*, 933 F.3d 932, 937 (8th Cir. 2019) (Title VII discrimination)); *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 953 (8th Cir. 2019) (Rehabilitation Act retaliation); *Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1069 (8th Cir. 2017) (Title VII retaliation); *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016) (Rehabilitation Act failure to accommodate); *Sellers v. Deere & Co.*, 791 F.3d 938, 945 (8th Cir. 2015) (Title VII hostile work environment);

*Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042 (8th Cir. 2007) (hostile work environment in retaliation for protected activity); *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 365 (8th Cir. 2003) (Rehabilitation Act hostile work environment).

**6. Exclude any evidence or argument that Letter of Reprimand was basis of discrimination and retaliation claims unless Plaintiff shows it was an adverse employment action**

Defendant's Motion is DENEID. The Letter of Reprimand arguably changed his working conditions because the Letter officially notified Plaintiff that he would be prohibited from telework—a prior accommodation for his disability—for twelve months.

**7. Denial of reasonable accommodation cannot be a basis for a separate claim of discrimination and/or retaliation**

Defendant's Motion is GRANTED as to Plaintiff's discrimination and retaliation claims arising under the Rehabilitation Act but DENIED as to all other remaining claims, including as evidence supporting a hostile work environment claim arising under the Rehabilitation Act.

**8. Exclude evidence/argument that Plaintiff was terminated**

Defendant's Motion is DENIED for the reasons stated in this Order regarding the first issue.

**IT IS SO ORDERED.**

<u>s/ Gary A. Fenner</u>
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 24, 2022