**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO DEL POZO,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VILSACK, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-00352-CV-W-GAF |

# DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

Defendant Thomas Vilsack, sued in his official capacity as the Secretary of the United States Department of Agriculture ("USDA"), under whose supervision lies the Risk Management Agency ("RMA"), submits the following suggestions in opposition to the PLAINTIFF'S MOTION TO SEAL AND THEN DISMISS [Doc. 84] filed herein by plaintiff Francisco Del Pozo ("Del Pozo").

On August 25, 2017, Del Pozo was terminated from his employment with the RMA after an investigation determined that Del Pozo had violated USDA computer safety rules. Subsequently, Del Pozo instituted the present action alleging employment discrimination for several alleged adverse employment actions, including his August 25, 2017 termination. Doc. 1.

On March 11, 2022, the Court entered an order granting the USDA's motion for summary judgment on all of Del Pozo's claims of discrimination and/or retaliation related to Del Pozo's termination and the proposed notice of termination. Doc. 66. The Court did find that there were trialworthy issues related to Del Pozo's claims of failure to accommodate by providing *ad hoc* telework, discrimination and retaliation for issuance of a Letter of Reprimand, discrimination and retaliation for failing to provide ad hoc telework, and a hostile work environment. Doc. 66.

On March 30, 2022, the parties engaged in settlement talks provided over by the Honorable Jill A. Morris, U.S. Magistrate Judge. At that settlement conference, the parties reached an agreement to settle the case. Doc. 81. Later that same day, the undersigned sent to plaintiff's counsel a draft settlement agreement. On May 4, 2022, the plaintiff's attorney proposed some minor changes to the proposed settlement agreement. Later on May 4, 2022,, the undersigned incorporated the proposed changes and again sent the proposed settlement agreement to the plaintiff's attorney. On May 14, 2022, the plaintiff's attorney returned an executed copy of the settlement agreement. The signed settlement agreement (attached hereto as 'Exhibit A") provided:

> Del Pozo and the USDA further agree that this RELEASE AND SETTLEMENT AGREEMENT, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Del Pozo expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b)

Ex A ⁋ n, at 6. The settlement monies set out in agreement were subsequently paid by the Treasury.

Presently before the Court is Del Pozo's motion to seal this civil case. Del Pozo's motion is at odds with American jurisprudence and the established case law recognizing that "[t]here is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). *See also Webster Groves Sch. Dist. v. Pulitzer Pub. Co*., 898 F.2d 1371, 1376 (8th Cir. 1990) (applying the common-law right of access to civil litigation) As explained by the Eighth Circuit:

> "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents," but that "the right to inspect and copy judicial records is not absolute." This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp.*, 709 F.3d at 1222 (*quoting*, *in part*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98, 98 S.Ct. 1306, 1312 (1978)).

The result of this common-law right of access is the "modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment or resolved by settlement." *IDT Corp.*, 709 F.3d at 1223. Ultimately:

> Where the common-law right of access is implicated, [a] court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.

*Id*. While the decision to seal is left to the discretion of a trial court, "[t]he presumption of public access to judicial records may be overcome [only] if the party seeking to keep the records under seal provides compelling reasons for doing so." *Krueger v. Ameriprise Fin., Inc.*, 2014 WL 12597948, op. at *8 (D. Minn. Oct. 14, 2014), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015). *See also In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) ("Although the court is given . . . supervisory power [over its records], only the most compelling reasons can justify non-disclosure of judicial records.").

In this case, Del Pozo does not overcome the presumption of the common-law right of access. Initially, it must be noted that Del Pozo's litigation involved allegations made against a federal government agency questioning the integrity of federal officials and charging federal officials with illegal discrimination. In the end, the case also involved the expenditure of settlement monies paid out by the United States Treasury. Even more so than a typical run-of-the-mill civil action, Del Pozo's lawsuit implicates a significant public interest. As the Supreme Court noted in *Nixon*, a primary rationale undergirding the common-law right of access is the public's right "to keep a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312.

Moreover, the arguments in support of sealing that are advanced by Del Pozo simply are not "compelling." Del Pozo argues that the allegations in his lawsuit "are personal in nature," "involve painful facts" and are "particularly sensitive." With all due respect to Del Pozo, those sentiments are shared by every plaintiff who files an employment discrimination lawsuit, a personal injury lawsuit, a divorce action, or nearly any other type of civil lawsuit that may be filed by an individual litigant. To allow Del Pozo's embarrassment or discomfort about the existence of public filings involving matters that he himself put at issue[1] so as to justify a sealing of the record is to essentially abolish the common-law right of access.

It is also noteworthy that during the entire course of the litigation, Del Pozo only sought to seal one document and that request was directed to a motion to extend the time for plaintiff to respond to the USDA's motion for summary judgment. Doc. 50. And that request for a sealing was sought only because "the motion for extension of time lays out personal information of a third party who is not part of the subject matter of this case." Doc. 50. Del Pozo did not ask that his complaint be sealed or the USDA's motion for summary judgment be sealed, nor did he file his response to said motion under seal. The authority of a district court to seal documents is set forth in the Federal Rules of Civil Procedure and specifically notes:

> A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

FED. R. CIV. P. 5.2(h).

[1] For instance, the CIVIL COMPLAINT [Doc. 1] herein asserted that Del Pozo "speaks with a heavy Spanish accent," "has suffered from autism and depression," has "physical or mental impairments that affect multiple of [his] major life activities, including sleeping, speaking, driving motor vehicles, breathing, concentrating, thinking, communicating and working," has "mental impairments [that when stressed] cause a significant diminution in [his] abilities to think, concentrate and focus," has "disabilities, including autism, [that cause him to become] confused and disoriented while driving," and has had a doctor explain that he suffered "from Autism and that such condition was accompanied by multiple developmental disabilities."

Put bluntly, Del Pozo's "embarrassment" is not a sufficient reason to seal the record in this case. *See e.g.*, *Elliott v. Manhattan Cryobank, Inc.*, 2019 WL 1275044, op. at *2 (E.D. Mo. Mar. 20, 2019) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) ("Mere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right."); *Price v. Tuggle*, 2016 WL 4098547, op. at *2 (S.D.W. Va. July 28, 2016) ("Embarrassment, by itself, is generally insufficient to justify secrecy"); *Jones v. Colorado Casualty Ins. Co*., 2014 WL 6801749, op. at *2 (D. Ariz. Dec. 3, 2014) ("Even embarrassing documents – which are perhaps quintessentially private – are not exempt from the public's right to access"). Equally unavailing is Del Pozo' claim that the "painful facts" set out in the pleadings for this case "may create difficulty for [Del Pozo] in seeking other Federal employment."[2] Doc. 84. Again, Del Pozo's rationale is shared by innumerable civil litigants who are more than happy to raise public allegations in search of a financial boon but then want all traces of the litigation to disappear when a matter is resolved. *Cf. Michael v. Bloomberg L.P.*, 2015 WL 585592, op. at *2 (S.D.N.Y. Feb. 11, 2015) (declining to seal case notwithstanding contention that "publicity associated with the complaint will harm [plaintiff's] future job prospects").

---

[2] As part of the compromise settlement in this case, the USDA agreed to allow Del Pozo to submit a SF-52 to the agency that would permit his SF-50 to be amended from "termination" to "voluntary resignation." Ex. A. Del Pozo apparently believes that this change will increase his chances of obtaining other federal employment. However, it is noteworthy that in the seven months since the settlement agreement was executed, Del Pozo still has not submitted the SF-52 that would enable the USDA to change his SF-50. In any event, the settlement agreement specifically notes that "the USDA is not promising, warranting, or guaranteeing any position or job for Del Pozo with the USDA or any other federal agency or any other entity" and "Del Pozo further acknowledges that the USDA cannot and will not be precluded from responding truthfully if federal investigators in the future directly request information about Del Pozo's departure from the USDA while performing any background or security investigations with respect to Del Pozo."

For the foregoing reasons, defendant Thomas Vilsack, sued in his official capacity as the Secretary of the United States Department of Agriculture, under whose supervision lies the Risk Management Agency, respectfully request that the Court deny the PLAINTIFF'S MOTION TO SEAL AND THEN DISMISS [Doc. 84] and proceed with dismissing this case with prejudice.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By *<u>/s/ Jeffrey P. Ray</u>*

Jeffrey P. Ray
Deputy United States Attorney
Missouri Bar No. 35632

– and –

Elizabeth D. Hatting
Assistant United States Attorney
Missouri Bar No. 67337

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
(816) 426-3130

ATTORNEYS FOR DEFENDANT THOMAS VILSACK, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE