# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

FRANCISCO DEL POZO,        )
                                )
          **Plaintiff,**        )
                                )
**vs.**                                )       **Case No. 19-00352-CV-W-GAF**
                                )
**THOMAS VILSACK, Secretary, U.S.**   )
**Department of Agriculture,**       )
                                )
         **Defendant.**       )

## ORDER

Now before the Court is Plaintiff Francisco Del Pozo's Motion to Seal then Dismiss. (Doc. # 84). Plaintiff requests the Court seal the case in its entirety and then dismiss it. (*Id.*). Plaintiff states the allegations in the case are personal, involve painful facts, may create difficulty for him in seeking other federal employment, include information concerning his health condition and disability, and recite confidential tax and employment information. (*Id.* at ¶¶ 3, 5). Plaintiff argues that "[t]he public interest in this matter is fairly limited" despite the fact that the head of a Federal agency, acting in his official capacity, is the named-defendant. (*Id.* at ¶ 4). Plaintiff cites no law supporting his position. (*See generally id.*).

Defendant Thomas Vilsack, Secretary of the U.S. Department of Agriculture ("Defendant"), argues Plaintiff's Motion is at odds with established case law. (Doc. # 85). Defendant cites to binding precedent that the public has a general right to judicial records and documents and that pleadings in civil litigation are presumptively public. (*Id.* at pp. 2-3). Defendant argues Plaintiff has not overcome the presumption of the public's right to access the filings in this case because it involves a federal government agency, questions the integrity of federal officials, asserts the agency and its officials engaged in illegal discrimination, and resulted in the federal government paying out settlement monies. (*Id.* at p. 3). Defendant further argues

the reasons advanced by Plaintiff are not compelling because they are sentiments shared by all plaintiffs in employment discrimination litigation. (*Id.* at p. 4). Defendant notes Plaintiff has not sought to seal any documents laying out his personal information prior to the instant motion. (*Id.*).

The Court agrees with Defendant that this case should not be sealed. Up until this point, Plaintiff has taken no steps to protect his personal information or conceal the "painful" facts of the case from the public. His reasons for concealment from the public eye are shared by every plaintiff in an employment discrimination litigation. And, perhaps most importantly, his suit is against a federal official and agency that is funded by taxpayer dollars. To say that the public has no (or "limited") interest in a matter such as this defies logic. As such, the above-captioned case will not be sealed. However, pursuant to the parties' settlement agreement, the case shall be dismissed.

Accordingly, it is ORDERED that:

1.      Plaintiff's Motion to Seal then Dismiss is DENIED in part and GRANTED in part;

2.      The filings in the above-captioned case shall remain available to the public unless granted protection under some prior order; and

3.      All claims remaining following the Court's March 11, 2022 Order are hereby DISMISSED with prejudice.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 22, 2022